UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-305-GWU

JONATHAN GROGAN,                                                  PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

### INTRODUCTION

Jonathan Grogan brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  See 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-305  Jonathan Grogan

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

07-305  Jonathan Grogan

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-305  Jonathan Grogan

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-305  Jonathan Grogan

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

6

07-305  Jonathan Grogan

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Grogan, a 22-year-old man with a "limited" education and no past relevant work history, suffered from impairments related to a seizure disorder, a mood disorder, and a personality disorder.  (Tr. 18, 21-22).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 20-21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22-23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

7

The hypothetical question presented to Vocational Expert William Ellis included such non-exertional restrictions as (1) an inability to operate moving machinery, perform commercial driving or be around moving machinery; (2) a need to avoid exposure to heights, hazards or dangerous settings; (3) an inability to ever climb ladders, ropes or scaffolds; (4) a limitation to simple tasks with no more than occasional public contact; and (5) a "moderate" limitation of ability to carry out detailed instructions, maintain attention and concentration, deal with the public, and respond appropriately to routine work setting changes.  (Tr. 86-87).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 87).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error.  Dr. David Swan (Tr. 385-393) and Dr. Calixto Hernandez (Tr. 421-428), the non-examining medical reviewers, each opined that Grogan would be restricted from climbing ladders, ropes and scaffolds as well as avoiding hazards.  More severe physical restrictions were not reported by such treating and examining sources as the staff at Appalachian Regional Healthcare (Tr. 310-316, 722-741), the staff at St. Elizabeth Medical Center (Tr. 317-325, 416-420), Dr. Floyd Poore (Tr. 327-338), the staff at Georgetown

07-305  Jonathan Grogan

Community Hospital (Tr. 412-415), Dr. Jalil Shojaei (Tr. 453), the staff at the Summit Medical Group (Tr. 639-677), and the staff at the Cloverfork Clinic (Tr. 686-721).  Dr. Lois Krousgrill did opine that the plaintiff would be disabled.  (Tr. 429). However, Dr. Krousgrill appears to have taken vocational factors outside her expertise into consideration, such as the claimant's lack of education, in making this determination.  Thus, her opinion would not be binding on the ALJ.  Grogan specifically does not challenge the ALJ's treatment of the evidence concerning his physical condition on this appeal.  Memorandum in support of the Plaintiff's Motion of Summary Judgment, Docket Entry No. 17, p. 2.  Therefore, substantial evidence supports this portion of the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Grogan's mental condition.  Psychologist Stuart Cooke examined the plaintiff and diagnosed an atypical depressive disorder.  (Tr. 383).  The plaintiff's Global Assessment of Functioning (GAF) was rated at 70.  (Id.).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Cooke rated the claimant's ability as "fair" in relating to other people and tolerating daily work stresses.  (Tr. 383-384).  In other areas, his ability was rated as "good."  (Id.).  The mental factors of the hypothetical question were essentially consistent with this opinion.

9

07-305  Jonathan Grogan

Psychologists Laura Cutler (Tr. 408-410) and Lea Perritt (Tr. 444-446) each reviewed the record and opined that Grogan would be "moderately limited" in his ability to carry out detailed instructions, maintain attention and concentration, interact appropriately with the general public and respond appropriately to changes in the work setting.  These restrictions were all presented to the vocational expert. Therefore, these opinions also support the administrative decision.

Psychologist Robert Spangler also examined Grogan.  (Tr. 742-751). Spangler identified a number of very severe mental limitations.  These restrictions included "a seriously limited but not precluded" ability in such areas as relating to co-workers, dealing with the public, dealing with work stresses, handling simple job instructions, and relating predictably in social situations.  (Tr. 749-750).  The examiner rated the plaintiff as having "no useful" ability to handle complex and detailed instructions and to demonstrate reliability.  (Id.).  The ALJ rejected Spangler's mental limitations (Tr. 21) and the claimant asserts that this action was erroneous.  The court finds that the ALJ acted properly.  Spangler was a one-time examiner whose opinion was offset by that of the equally-placed Cooke. Furthermore, the ALJ cited a number of good reasons why Spangler's restrictions were inconsistent with the findings in his narrative report, including the "mild to moderate" GAF of 55-60.  (Id.).  Therefore, the court finds no error.

07-305  Jonathan Grogan

Grogan also asserts that the ALJ erred in failing to present all of the mental restrictions identified by the medical reviewers in the hypothetical question.  The plaintiff notes that Cutler and Perritt each indicated that he would have "moderate difficulties in maintaining concentration, persistence and pace as well as difficulties in maintaining social functioning on the "Psychiatric Review Technique" forms they each completed.  (Tr. 404, 441).  Even if a significant discrepancy existed, the ALJ could reasonably rely upon the opinion of Cooke, an examining source, over the non-examiners.  The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 416.927(d)(1).  Therefore, the court must reject the claimant's argument.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of June, 2008.



Signed By:

G. Wix Unthank

United States Senior Judge

11